May it please the Court, my name is Greg Wallace and I represent Christopher Stanton and the Social Security Disability Appeal. Now the issue in this case is whether the ALJ's decision should be affirmed when it is based on an unresolved conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles. Now the Commissioner has set a policy in Social Security Ruling 004-P that an ALJ may not rely on a VE's testimony if an apparent unresolved conflict exists between that testimony and the job's description in the DOT. What's the significance of that ruling on us? Well, in recent years, this unresolved conflict, for example, in 2014 in the Moore v. Colvin case, the Kemp v. Colvin case, dealing with conflicts regarding overhead reaching. Just this past February, this Court in Thomas v. Berryhill held that there was an apparent unresolved conflict when a VE testified that a claimant who was limited to level one reasoning could handle a job that the DOT says requires level three reasoning. Are we bound by the ruling of the Social Security? You're right. You're absolutely right that our case law seems to rely on that ruling in a number of different cases. But are we bound by that ruling? It seems to address ALJs. I'm just wondering if we're bound by that ruling. Well, I would say you're bound by the precedent in this Court that has enforced that ruling in these prior cases. In this matter of administrative law, aren't the cases saying that if the agency doesn't follow its own policies, then there's a potential abuse of discretion or arbitrary or capricious ruling? Yes, Your Honor. Obviously, the Court doesn't get to make up its own administrative rules. It follows the policies set forth by the Commissioner and holds the administrative law judge to following those policies. And so in this case, we have a very similar case to the Thomas v. Berryhill decision in February where, in this case, the ALJ limited the V.E.'s consideration to jobs that require only simple one- to two-step instructions, which corresponds to reasoning level one in the DOT. The V.E. testified, though, that Mr. Stanton can perform the job of hospital industrial cleaner, which the DOT says is only performed at reasoning level two, which requires the ability to follow, understand, follow, remember detailed instructions. So we have an unresolved conflict here because neither the V.E. nor the ALJ in his decision explained that conflict. Now, if... Counsel, I want to kind of get back to a different version of the questions I was asking earlier, which is, if you apply just plain old substantial evidence, which is what Congress has asked us to apply, you look at the record and you say, wow, there's a vocational expert who said that he could do this job. And you had the judge ask him, I believe, and said, you know, can he do this particular job? And the vocational expert said yes, even inquired, I think, about the Dictionary of Occupational Titles. Normally, you would say that's substantial evidence. So why is it that we elevate this ruling, we talk about this ruling and say, well, even though it would otherwise be substantial evidence, it's not because there's a failure to resolve the conflict in accordance with the Social Security ruling? Sure. And I think there are two answers to that question. First is that the standard reviewed is not just based on substantial evidence, but also to the Commissioner does not commit any errors of law in deciding these Social Security claims. And the second, even if it's limited to substantial evidence, the burden is on the Commissioner to produce evidence at step five of the sequential analysis. In this particular case, that evidence that the ALJ relied on to determine that there was other work in the economy that Mr. Stanton can perform comes in the form of this vocational expert's testimony. If that testimony is invalid because there is an unresolved conflict between the VE's testimony and the Dictionary of Occupational Titles as the standard authority in this area, then the ALJ does not have substantial evidence upon which to base that step five determination, that is, that Mr. Stanton is not disabled because he can perform other work in the economy. Would that be true even in the absence of the ruling? So say the ruling doesn't exist, we have the exact same record we have here, would your argument be the exact same in the absence of that Social Security ruling? This Court has a long history of precedent saying that conflicts, when there's a conflict between the Dictionary of Occupational Titles and the VE's testimony, that the DOT generally prevails. And that precedent was in place prior to the Social Security ruling in 2000, which is the 004-4P. So we have a conflict here. The conflict is... Hold on, let me ask you this. We have all these cases that say that the DOT is not necessarily a precise statement of what the person must do in the job. It's the maximum possible for the category. You're familiar with those cases? I am. All right. And here we have the expert saying he also invokes his experience, right? He says his opinion is based, is consistent with the DOT and his experience. Do you remember that part of his testimony? Yeah. So why couldn't or shouldn't we read him to be saying that in his experience, these two jobs that he mentioned can be performed at somewhere below the maximum that's set forth in the DOT, such that Mr. Stanton can perform those jobs? What's wrong with that reading? Well, first of all, I think that... To make it coherent. I mean, he relied on his experience in the DOT. Obviously, the maximum DOT isn't consistent with the one and two-step reasoning, but not every job in the category requires the maximum. Well, I think the first response to that is that Judge Arnold's opinion in the Thomas v. Berryhill case just two months ago foreclosed that that was the very argument that the commissioner made in that case, that the DOT has generic job descriptions that cover a range of requirements. And Judge Arnold said that argument doesn't work in this particular case when we have a categorical conflict. Yeah, but does the invocation of experience change it? No, I don't think it does because Social Security ruling 004-P, as well as this course precedent, requires the V.E. to give an explanation and resolve the conflict. Simply saying, well, I'm relying on my experience doesn't tell us anything other than he's relying on his experience, but he may be wrong about that. He may not have even recognized the conflict here. So you're saying the ALJ had to ask one more question. Yes. And if the V.E. had said... Your man's lawyer is sitting right there. He doesn't say anything. It's an odd situation. We have to send it back when your guy could have just asked the question himself. And that's a good question, but at step five, the ALJ is the one that poses the hypothetical to the V.E. The burden is on the government to produce evidence that there is other jobs, there are other jobs in the economy that Mr. Stanton can perform. And Social Security ruling 004-P, as well as this court precedent, and precedent from other courts like the Fourth Circuit and the Pearson case, squarely place the responsibility for identifying and resolving these conflicts on the ALJ. It is not on the attorney's, the claimant's attorney in this particular case. Suppose that that additional question wasn't asked, but the ALJ resolved it. You know, they have experience as well. And he says, you know, I've been doing this a long time. And I think that being a cleaner is something that would fall within this particular person's capabilities. And therefore, here's the reason why I'm finding it fair. Does it have to come from the vocational expert or can the ALJ resolve the conflict? I think it has to come from the vocational expert. The ALJ is not a vocational expert. That's why he calls a vocational expert to testify at the hearing, because he can't supply that kind of expertise. So I think it would have to come at that. Thank you, Your Honor. Very well. Mr. Sides, we'll hear from you for the commissioner. May it please the court. Jim Sides for the Commissioner of Social Security Administration. In Mr. Stanton's brief, the argument was deceptively simple. One does not equal two. And if it were that simple, we wouldn't even be here today, because there are 821 occupations in the DOT across all exertional levels that are at the R1 level. So there would be a sufficient number of R1 occupations that are available that Mr. Stanton could perform. If it's just a question of whether there's a conflict, the vocational expert testified that there was no conflict and that his testimony was based upon his experience. But the problem is there's a variation between, I mean, even the basic description, one to two things are inconsistent, at least on their very face. And so, yes, you're right, the vocational expert testified there's no conflict. But just reading the bare transcript indicates that there's some sort of conflict. What do we do? What do we do with that? Well, in this case, there was an overlap. The ALJ's residual functional capacity finding actually overlapped R1 and R2. Of course, there is, within the reasoning level, just R1 and R2 are the very lowest level of reasoning, and they represent an educational development that is at an elementary school education type level. And there are two different aspects of the definition of reasoning level. One includes instructions, and the other one is not only one or two step instructions, but also included variables, that there would be few variables and that the instructions or the supervision would be concrete. Well, under R2, part of the definition, the second sentence of the definition of R2 includes a few concrete variables. So a few variables within the ALJ's RFC fits within the reasoning level two definition. And so here we are today, we are reaching into definitions, pulling a segment of a definition from R1, a segment of a definition from R2, and that's really not the rationale that went into the commissioner adopting SSR00-4P. It's not drilling down into the minutia and trying to find a conflict. There is a threshold question that must exist. There must be an apparent conflict. And if there is not an apparent conflict, then there is no duty for the vocational expert to explain why there is no conflict. The duty of the vocational expert is to provide a reasonable explanation for an apparent conflict. So you say there's no apparent conflict here? Yes, Your Honor, because there is an overlap of the ALJ's RFC findings with R1 and R2. There are few variables and concrete instructions, which is the second sentence of the R2 definition. So it actually would follow, it is not unreasonable that a vocational expert could testify that an RFC that overlaps R1 and R2, that that individual could perform an R2 occupation. Isn't that always true though? I mean, I'm new at this, but isn't that always true that there's going to be some overlap? Because each step, from what I can tell, seems to add a little bit to the previous step and become a little more complex. So isn't it always true that there would be some overlap between the two levels, or no? Not necessarily, because, I mean, this we are looking specifically at the residual functional capacity, which is the finding that is made before step four and is used both for step four and step five. But there is an overlap in the residual functional capacity findings. There is the one or two step instructions, which that's the first sentence of R1, but there is also few variables, which is the second sentence of the R2 definition. Now where does few variables come in from the expert? Is that part of the hypothetical? Yes, Your Honor. That would be the hypothetical question that is asked of the vocational expert. And the vocational expert... Wait, I'm looking at the hypothetical here. I think I am. No exertional limitations, limited unskilled work, able to understand, retain, and carry out simple one to two step instructions can make simple work-related decisions or judgment retained in the workplace. Your Honor, there was a... What are you referring to? I am referring to, I suppose that I am referring to the part that would fall in the audible section. No wonder I didn't. How can you rely on an inaudible part of a hypothetical? Well the ALJ did explain in the decision that his finding that Mr. Stanton could perform the job of hospital cleaner or industrial cleaner was based upon his hypothetical question, which followed the RFC finding. So even though you can't turn to the transcript and read exactly what the question was because there is a short inaudible section, the ALJ's decision explains that his hypothetical question mirrored the residual capacity finding. Wow. But this is a case where the vocational expert who has a master's degree in vocational rehabilitation counseling, he has 25 years of experience in vocational rehabilitation counseling, placing impaired and disabled individuals into jobs. And this individual heard the hypothetical question, was present at the hearing, heard all the testimony, reviewed all of the vocational information that was in the record, and at the conclusion testified that Mr. Stanton could perform the job of hospital cleaner or industrial cleaner. And the ALJ didn't just stop there. The ALJ proceeded under SSR 00-4P to ask whether there was any conflict or whether the vocational expert's testimony was based upon his knowledge, education, training, or experience. And the VE testified that there was no conflict and that his testimony was based upon his experience. And so regardless of whether Mr. Stanton believes that there was a conflict, the vocational expert testified there wasn't, and SSR 00-4P does not require the ALJ to explain why there is no conflict. If we were to agree with your position, what do we do with Thomas v. Berryhill? Do we simply say there's no conflict here, as you're suggesting, and say that makes it different than Thomas? I'm looking because Thomas came out after the briefing in this case, and I'm just trying to figure out what we would do with it, in your opinion. Right. Thomas did come after the briefing of the case, as you mentioned, and it involved an issue of R1 RFC versus an R3 occupation. The court wasn't really concerned with considering whether there was any overlap. I think if you look at the RFC in the Thomas case, it's probably fairly similar to the RFC in this case. However, since the court was not having to determine whether the few variables met an R2, the question wasn't really reached as to whether the RFC embraced part of R1 and R2, because it just wasn't important to the case, because the job that was listed by the vocational expert was an R3 occupation, which actually requires several variables, and they're not just concrete variables. The few variables point, again, you say it's not in the transcript because of the inaudibility. Where is it in the ALJ's opinion? I want to make sure I focus on that. Yeah, the ALJ's decision, it will be on the residual functional capacity finding. It mentions that Mr. Stanton could perform work where the complexity of tasks is learned and performed by Roche with few variables. There is also a portion of the ALJ's residual functional capacity finding that says that supervision must be simple, direct, and concrete. And both the few variables, concrete variables, those are elements of the second sentence of the reasoning two level. If there are no further questions, the commissioner would respectfully request that this court affirm the commissioner's final decision. All right. Thank you, Mr. Sands. Mr. Wallace, we'll hear from you in rebuttal. May it please the court. Just because Mr. Stanton can perform a couple of the requirements of reasoning level three doesn't mean there's no conflict. The commissioner's argument is missing the critical explanation that the VE didn't provide, the ALJ didn't provide, and now the commissioner has not provided. How can a person who can only perform simple one or two step instructions perform a job that requires detailed work instructions? But that raises an interesting point. Does the VE, and this may be one of the problems I have with the ruling itself, does the VE have to resolve every conflict? In other words, there may be multiple aspects to a particular level and resolves four of the five, but the VE has to resolve them. Too bad, so sad, got to send it back down? Or do we balance things out and say, look, it's close enough? Well, I think that when we're dealing with Social Security ruling 004P and this court's precedent, there's no indication that close enough is okay. There is still an apparent unresolved conflict here between simple one and two step and detail. Doesn't matter, everything else doesn't matter. That conflict remains. It survives everything that the commissioner just told you, and the commissioner has offered still no explanation for how that conflict is resolved. Thank you. Very well. Thank you both for your arguments. The case is submitted and the court will file an opinion in due course.